IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, and PRODUCTS LIABILITY LITIGATION.

MDL No. 2151.

United States Judicial Panel on Multidistrict Litigation.

April 9, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR.*, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR., DAVID G. TRAGER.*, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel\*:** Before the Panel are two motions that collectively encompass eleven actions: five actions in the Central District of California, three actions in the Eastern District of Louisiana, and one action each in the Middle District of Florida, the Southern District of Florida, and the Southern District of West Virginia, as listed on Schedule A.[1] Though these cases have attracted an unusual amount of publicity to the Panel's work, in all relevant aspects, the issues here are neither dramatically different nor more complex than those we regularly resolve.

Plaintiff in the Central District of California *Lane* action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Similarly, plaintiffs in the Eastern District of Louisiana *Weimer* action have moved, pursuant to Section 1407, for coordinated or consolidated pretrial proceedings of the actions in the Eastern District of Louisiana.

Responding defendants, including parent company Toyota Motor Corp. and several of its subsidiaries (Toyota), and plaintiffs in four Central District of California actions and eight potentially related actions pending in various districts support the motion for centralization in the Central

---

\* Judge Miller and Judge Trager did not participate in the disposition of this matter.

1. The parties have notified the Panel of more than 100 potentially related actions pending in multiple federal districts. These actions and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

District of California. Plaintiffs in five potentially related actions support the motion for centralization in the Eastern District of Louisiana in the first instance or in the alternative. Other responding plaintiffs in three constituent actions and more than 30 potentially related actions support centralization, but suggest centralization in various districts, including the Middle District of Florida, the Northern District of Florida, the Southern District of Florida, the Eastern District of Kentucky, the Western District of Kentucky, the District of Minnesota, the Southern District of Mississippi, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Southern District of Ohio, the Eastern District of Pennsylvania, the District of South Carolina, the Southern District of West Virginia, or the District of Wyoming. Some of these plaintiffs support centralization in any district or note that the most appropriate transferee district is not yet readily apparent, with new actions filed daily. Plaintiffs in the Central District of California *Beard* action request that the Panel change the caption of this litigation to encompass claims in addition to those for products liability. Plaintiffs in several potentially related personal injury and wrongful death actions seek inclusion of such actions in centralized proceedings together with the economic actions already before the Panel.

The oral arguments were quite helpful to the Panel and seemed to focus on several important issues. Some attorneys questioned whether one judge or a particular judge would have the necessary time and resources to handle such a complex, multifaceted MDL. Others argued that the individual personal injury cases might become sidetracked by larger, more complex class action economic loss cases. These are absolutely legitimate concerns. The Panel's decision addresses these concerns and expresses our confidence that the federal judiciary is well equipped to handle this litigation under Section 1407.

■ Each of the actions currently before the Panel asserts economic damages on behalf of certain classes and/or individuals stemming from an alleged defect in certain Toyota vehicles that causes sudden, unintended acceleration.[2] The cases involve common questions of fact. No doubt, centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary. Consequently, centralization will create convenience for the parties and witnesses and will promote the more just and efficient conduct of this litigation.

The Panel has given considerable thought to the suitability of centralizing the personal injury and wrongful death cases with the economic damage cases that are currently before the Panel.[3] Without prejudging the merits of any later-filed motion to vacate a conditional transfer order in this docket, and based upon the

---

2. Plaintiffs in one of the actions before the Panel, who have not themselves alleged personal injury, have indicated that they may assert an alternative subclass of personal injury plaintiffs. However, this action as now pleaded appears to be one for only economic damages.

3. Although the Section 1407 motions before the Panel do not include any personal injury or wrongful death actions, such claims are asserted in a number of the potential tag-along actions. Any objections to their inclusion in centralized proceedings would come before the Panel should any involved party oppose their conditional transfer. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. at 435–36. Regardless, during the Panel's hearing session, many counsel did address the Panel's concern about whether such actions should be included in this MDL. Some parties, in-

hearing record made, we are initially persuaded that the centralized proceedings should eventually include the related personal injury and wrongful death actions. The liability discovery in all the cases will certainly overlap. By their very nature, the personal injury and wrongful death claims will require considerable individual discovery in addition to the common discovery in each case. We are confident that the transferee judge can design the kind of distinct discovery tracks often employed to address these concerns. In our experience, these are recurring issues that transferee judges regularly and successfully coordinate.

■ The parties have suggested a number of very acceptable transferee districts and judges. However, for the following reasons, we have settled upon the Central District of California as the most appropriate choice. Toyota maintains its United States corporate headquarters within this district, and relevant documents and witnesses are likely located there. Far more actions are pending there than in any other district. Among the cases pending there are potential tag-along cases that assert personal injury or wrongful death claims.[4] After consulting with Chief Judge Audrey B. Collins, we have selected Judge James V. Selna as the transferee judge. He is a well regarded and skilled jurist. Moreover, Judge Selna's 28 years of private law practice at the very highest levels and in some of the most complex cases leaves him well prepared for a case of this magnitude.

Some counsel did express concern about the docket conditions in this district. The ability and willingness of even the most experienced judges to devote the necessary time to a complex MDL is always a factor in our assignments. In this particular instance, our consultations with Judge Selna and Chief Judge Collins convince us that Judge Selna is positioned to devote all the time necessary to manage and decide the important issues these cases raise.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable James V. Selna for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation."

## SCHEDULE A

MDL No. 2151—IN RE: TOYOTA MOTOR CORP. UNINTENDED ACCELERATION MARKETING, SALES PRACTICES, and PRODUCTS LIABILITY LITIGATION

*Central District of California*

*Seong Bae Choi, et al. v. Toyota Motor Corp., et al.,* C.A. No. 2:09–8143

*Eric Kmetz, et al. v. Toyota Motor Sales U.S.A., Inc., et al.,* C.A. No. 2:09–8478

*Heather A. Lane v. Toyota Motor Sales U.S.A., Inc.,* C.A. No. 2:09–9158

cluding Toyota, agreed that their inclusion would be appropriate. However, because not all parties to these actions are before the Panel, any decision on specific cases must wait for a later time. The disposition could always turn on the individual characteristics of the case.

**4.** Potential tag-along cases filed in the transferee district require no action by the Panel. Instead, requests for assignment of these cases to the transferee judge should comply with that district's local court rules. *See* Rule 7.5(a), R.P.J.P.M.L., *id.* at 436.

Dale Baldisseri v. Toyota Motor Sales U.S.A., Inc., et al., C.A. No. 2:09–9386

Joseph Hauter, et al. v. Toyota Motor Sales U.S.A., Inc., et al., C.A. No. 8:10–105

Middle District of Florida

Michelle Lynch v. Toyota Motor Corp., et al., C.A. No. 8:10–326

Southern District of Florida

Jonathan Gellman v. Toyota Motor Sales U.S.A., Inc., C.A. No. 1:10–20006

Eastern District of Louisiana

Daniel Weimer, Jr., et al. v. Toyota Motor North America, Inc., et al., C.A. No. 2:10–219

Amanda R. Maillho v. Toyota Motor North America, Inc., et al., C.A. No. 2:10–279

Gary T. Brock v. Toyota Motor North America, Inc., et al., C.A. No. 2:10–281

Southern District of West Virginia

Michael Graves, et al. v. Toyota Motor Manufacturing, West Virginia, Inc., et al., C.A. No. 2:09–1247